**Fasil TESFAYE, Plaintiff,**

v.

**CARR PARK, INC., Defendant.**

**No. CIV. A. 99–2561(JR).**

United States District Court,
District of Columbia.

Feb. 1, 2000.

William Payne, Payne & Wright, Washington, DC, for Plaintiff.

William G. Miossi, M. Carter DeLorme, Winston & Strawn, Washington, DC, for Defendant.

## MEMORANDUM

ROBERTSON, District Judge.

Plaintiff Fasil Tesfaye, a person of color from Ethiopia, brings allegations of race and national origin discrimination under Title VII, 42 U.S.C. §§ 2000e *et seq.*, against defendant Carr Park, Inc., his former employer. Defendant moves to dismiss for plaintiff's failure to wait 180 days to initiate this lawsuit after filing his claim with the EEOC. The motion will be denied. Because the correct application of *Martini v. Federal Nat'l Mortgage Ass'n,* 178 F.3d 1336 (D.C.Cir.1999), involves a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation," 28 U.S.C. § 1292(b), I will certify this decision for an immediate interlocutory appeal.

### Background

Mr. Tesfaye's claim is that he was "constantly harassed and mistreated" during his employment with Carr Park because of his race and national origin. The following facts are taken as true for purposes of this motion: Mr. Tesfaye was hired as a facilities manager for a number of Carr Park's Washington, D.C. area parking garages on July 1, 1996. When Mike Harris (white American) became regional manager and Mr. Tesfaye's immediate supervisor in November 1997, discrimination against and harassment of Mr. Tesfaye became "very intense." While Mr. Tesfaye was facilities manager at the Chevy Chase Pavilion parking garage, he was paid below the pay rate allocated for the position. On November 12, 1998, after he complained about the harassment, the disparate salary, and what he claimed were unreasonable write-ups regarding his job performance, he was fired.

Carr Park's defense on the merits is that it terminated Mr. Tesfaye for misappropriating company funds and failing to deposit money in the bank. Mr. Tesfaye's response is that Carr Park's proffered reason is pretextual, that he and his immediate supervisor opened the safe and signed a log together whenever money was deposited, and that, after he was terminated, Carr Park "maliciously challenged" his right to receive unemployment compensa-

tion benefits by producing forged and altered copies of his employment records.

Carr Park's motion does not deal with the merits. Instead, it addresses the procedural history of the case: Mr. Tesfaye filed his complaint with the EEOC on April 20, 1999. He received a letter and a "Dismissal and Notice of Rights" from the EEOC's Washington Field Office sixty-nine days later, on June 28, 1999. These documents indicated that the Director of the Washington Field Office had dismissed Mr. Tesfaye's claim and informed him that he had 90 days to file his case in court. It is unclear from either document what investigation, if any, the EEOC performed. The letter concluded that "[d]iscrimination based on race or national origin does not appear to be in evidence." But it also stated that "the Commission will not be able to prove that you were discharged because of your race and national origin," and that "[i]t is highly unlikely that further investigation would reveal a violation of [Title VII]." On September 27, 1999, just before the 90 day deadline, Mr. Tesfaye filed this lawsuit.

## Analysis

In *Martini v. Federal Nat'l Mortgage Ass'n*, 178 F.3d 1336 (1999), the D.C. Circuit dismissed an employee's Title VII suit because it was filed sooner than 180 days after plaintiff complained to the EEOC. *Id.* at 1338–39. The focus of the court's opinion was on the intent of Congress. After analyzing sections 2000e–5(b) and (f), and examining legislative history, the court concluded that "Congress clearly in-

tend[ed] to prohibit private suits within 180 days after a charge is filed *as long as the EEOC has not dismissed the charge.*" *Id.* at 1342 (emphasis added). The language of the opinion that states the court's holding, however, is not limited to cases in which the EEOC has not dismissed a charge. It states that "Title VII complainants must wait 180 days after filing charges with the EEOC before they may sue in federal court." *Id.* at 1347.

The Title VII complainant in this case did not wait 180 days after filing his charge with the EEOC before he sued in federal court. Had he done so, he was at considerable risk of dismissal for filing too *late. See* 42 U.S.C. § 2000e–5(f)(1) (requiring that private suit to enforce a claim under Title VII must be filed within 90 days of receipt of the right to sue letter). The timing of the complaint and of the EEOC's right to sue letter do not offend the rationale of the *Martini* decision, which acknowledges that "[t]he statute . . . authorizes a complainant to sue within 180 days *if the EEOC dismisses the charge,*" *id.* at 1344 (emphasis added).[1] Nor is the plaintiff's pre–180 day filing at odds with *Martini*'s public policy rationale: *Martini* was concerned that early authorization of private suits "undermines [the EEOC's] statutory duty to investigate every charge filed," *see id.* at 1347, but here the EEOC apparently investigated the plaintiff's claim and simply concluded before 180 days had passed that it lacked merit.

The flat language of *Martini*'s holding arguably makes the rule of the case broader than its rationale, however,[2] and it is

---

1. Section 2000e–5(f)(1) is written in the disjunctive. It provides in part:
   If a charge filed with the Commission . . . is dismissed by the Commission, *or* if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respon-

dent named in the charge. . . . (emphasis added).

2. Not only does the holding language encompass "Title VII complainants" without limitation, but the court also "conclude[ed] . . . that greater compliance with the mandatory duties that Congress expressly prescribed for the EEOC in section 2000e–5(b) will occur when *all* complainants must wait 180 days before filing suit than when the Commission may authorize them to sue earlier." *Id.* at 1347 (emphasis added).

just possible that the right to sue letter issued to plaintiff (10 days after *Martini* was announced) was drafted to skirt the *Martini* ruling as closely as possible, or even to set up a test of *Martini*'s limits.

I find that the plain language of section 2000e–5(b) permitted the issuance of a valid right to sue letter before the expiration of 180 days after the complaint was filed because the EEOC dismissed Mr. Tesfaye's complaint in its June 28, 1999 letter. The defendant's motion to dismiss will accordingly be denied.

An appropriate order accompanies this memorandum.

## ORDER AND CERTIFICATION OF INTERLOCUTORY APPEAL

For the reasons set forth in the accompanying memorandum, it is this 31st day of January 2000,

**ORDERED** that defendant's motion to dismiss [# 3] is **denied.** The court is of the opinion that this order involves a "controlling question as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b).